## PUTNAM v. SEA.

Under the code all matters *dehors* the record proper must be preserved by bill of exceptions; this is true in equitable as well as legal actions.

*Appeal from District Court of Arapahoe County.*

Messrs. BROWNE and PUTNAM, for appellant.

Messrs. BENEDICT and PHELPS, for appellee.

HELM, J. This action was brought in equity to procure the cancellation of certain deeds to realty in Colorado, or a reconveyance of the property to plaintiff. Putnam, residing in this state, negotiated through one Reser,

with Sea, living in Illinois, for the exchange of titles to property in their respective states. Putnam's deeds to the Colorado property were delivered by Reser to Sea's agent, and a deed to the Illinois property was received in exchange therefor. Putnam declined to accept the latter deed, claiming that the terms of the exchange arrangement had not been complied with. The judgment in the court below turned upon the question as to whether Reser acted in the premises as Putnam's agent, and within the scope of his authority; or whether the latter's deeds were simply placed in the former's hands in pursuance of an escrow agreement, and delivered in violation thereof.

It will be seen at once that the answer to this question must be drawn from the evidence. In preparing the record before us, counsel evidently had in mind the practice prevailing in chancery cases prior to the adoption of the Civil Code. They assumed that the evidence reported by the master upon the filing thereof became a part of the record, and that no bill of exceptions to incorporate the same was necessary. As a result, while the evidence is before us, we would be precluded from considering the same for any purpose. This court has held in several cases that under the present practice all matters *dehors* the record proper, of course including evidence, must be preserved by bill, and that this is true in equitable as well as legal actions. Appellee invokes the rule stated in these cases, and the objection is fatal to the review of this question.

There appears in the transcript a statement entitled a bill of exceptions; but it contains merely the motion to exclude certain testimony, and does not even set out the evidence referred to. Besides, it appears that this motion to exclude was filed and passed upon in the court below twenty-four days subsequent to the rendition of final judgment and eighteen days after the filing and approval of the appeal bond; hence, prior to the presentation of

appellant's motion, the district court was entirely divested of jurisdiction to consider the question presented.

But, inasmuch as title to valuable estate is involved, we have examined the evidence, notwithstanding the objection aforesaid; and if it will be any satisfaction to the parties, we are prepared to say that we would sustain the action of the district court upon the merits. In so doing, we weigh all of the testimony bearing upon the so-called *escrow* arrangement. Much of this testimony was objectionable, being oral proofs of the contents of a letter; it was not the best evidence of the matter, and no proper foundation for its introduction was laid. But while counsel for appellee interposed appropriate objections before the master upon the taking of this testimony, they entirely omitted, though given time so to do, to follow up these objections with exceptions to the master's report. Upon the proper and timely presentation of the subject to the district court this testimony would doubtless have been excluded from consideration at the final hearing.

In view of the foregoing conclusions, it is unnecessary for us to discuss the principles relating to *escrow* deeds, stated by counsel. Most of them are doubtless correct; but finding as a question of fact against the *escrow* theory, these principles are inapplicable.

The judgment will be affirmed.

*Affirmed.*